UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEVERT J. HORNER, an individual; BARBARA HORNER, an individual,

    Plaintiffs,

    v.

SELECT PORTFOLIO SERVICING. INC., a business entity, and DOES 1 through 50, inclusive,

    Defendants.

NO. CIV. S-12-0666 LKK/KJN

O R D E R

Plaintiffs originally filed this action in California state court against defendant Select Portfolio Servicing, Inc. ("Select"), seeking redress for five claims under California state law.[1] Plaintiffs alleged that they "resided in California," and that defendant "regularly conducts business in the State of

---

[1] The claims are: (1) Breach of the Covenant of Good Faith and Fair Dealing; (2) Fraud; (3) Wrongful Foreclosure under Cal. Civ. Code §§ 2924, et seq., and § 2934a; (4) Violation of Cal. Bus. & Prof. Code §§ 17200, et seq.; and (5) Violation of California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq.

1

California." Original Complaint (Dkt. No. 1-1) ¶¶ 6 & 7. Defendant nevertheless removed the case to federal court under diversity jurisdiction, asserting that it is a citizen of Utah, and that plaintiffs are citizens of California.[2]

This court has an obligation to examine its own jurisdiction. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004) ("by whatever route a case arrives in federal court, it is the obligation of both district court and counsel to be alert to jurisdictional requirements"). It does so here sua sponte, because the factual basis for the assertion of federal diversity jurisdiction – the sole basis defendant asserts for removal of this state case – does not appear from the face of the complaint or the removal documents.

Defendant, as the removing party, bears the burden of establishing diversity jurisdiction. Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986). However, defendant has done nothing to meet this burden. Its only disclosed basis for asserting that plaintiffs are citizens of California, is the allegation of the Original Complaint that plaintiffs "resided" in California. Notice of Removal (Dkt. No. 1) ¶ 6. Plaintiffs' allegation in their complaint that they reside in California is not sufficient to meet defendant's burden of establishing diversity jurisdiction:

> Plaintiffs' complaint and Pfizer's notice of removal both state that Plaintiffs were "residents" of California. But the diversity jurisdiction statute, 28

---

[2] Select asserts that it is incorporated in Utah and has its principal place of business in Salt Lake City, Utah.

2

1    U.S.C. § 1332, speaks of citizenship, not of residency.
2    To be a citizen of a state, a natural person must first
     be a citizen of the United States. The natural person's
3    state citizenship is then determined by her state of
     domicile, not her state of residence. A person's
4    domicile is her permanent home, where she resides with
     the intention to remain or to which she intends to
5    return. A person residing in a given state is not
     necessarily domiciled there, and thus is not necessarily
6    a citizen of that state. In this case, neither
     Plaintiffs' complaint nor Pfizer's notice of removal
7    made any allegation regarding Plaintiffs' state
     citizenship. Since the party asserting diversity
8    jurisdiction bears the burden of proof, Pfizer's failure
     to specify Plaintiffs' state citizenship was fatal to
9    Defendants' assertion of diversity jurisdiction.

10 Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir.

11 2001).[3] Although defendant's Notice of Removal does technically

12 assert that plaintiffs are citizens of California, that fact does

13 not distinguish this case from Kanter. The assertion here is based

14 solely on the complaint, and the complaint alleges solely that

15 plaintiffs "resided" in California. In reality therefore,

16 defendant is actually asserting diversity jurisdiction solely based

17 upon the allegation of plaintiffs' residence.[4]

---

[3] But see Bradley Min. Co. v. Boice, 194 F.2d 80, 84 (9th Cir. 1952) ("Proof of residence in a state is usually thought prima facie evidence of domicile sufficient to shift the burden of proof"), cert. denied, 346 U.S. 874 (1953). In this case, however, it is not clear that there is even "proof" of residency. Rather, there is only an allegation in the complaint.

[4] The court notes that plaintiffs' First Amended Complaint adds defendant Quality Loan Service Corporation, the Trustee on the Deed of Trust at issue, alleging that it regularly conducts business in California. Although neither party addresses whether Quality's citizenship matters, it does not appear to bear on diversity jurisdiction, since Quality enjoys what is called "non-monetary status" under California law. See Cal. Civ. Code § 2924*l*(a). Having filed its declaration of non-monetary status, and no party having objected, it appears that Quality is not required

Accordingly,

1. Select is hereby **ORDERED TO SHOW CAUSE**, no later than fourteen (14) days from the date of this order, why this lawsuit should not be remanded to the state court for lack of federal jurisdiction; and

2. Plaintiffs shall file a response to Select's brief no later than fourteen (14) days from the date Select's brief is filed.[5]

IT IS SO ORDERED.

DATED: July 19, 2012.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

to further participate in this case. See Cal. Civ. Code § 2924*l*(d) ("the trustee shall not be required to participate any further in the action or proceeding, shall not be subject to any monetary awards and for damages, attorneys' fees or costs," but is "bound by any court order relating to the subject deed of trust"). This would appear to make Quality the equivalent of a "nominal" defendant, whose citizenship does not count in determining diversity jurisdiction. See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir. 2000) ("We will ignore the citizenship of nominal or formal parties who have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant") (internal quotation marks omitted).

[5] If plaintiffs concede that they are citizens of California, they need not wait for Select to file its brief before so notifying the court.